UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Amy E. Sines-Patel | ) | Case No. 15-17229 |
| | ) | |
| | ) | |
| Debtor | ) | Judge Timothy A. Barnes |

**MODIFIED PLAN OF LIQUIDATION DATED AUGUST 19, 2016**

   Amy E. Sines-Patel proposes the following Plan of Liquidation to her Creditors pursuant to Section 1121(a) of the Bankruptcy Code, 11 U.S.C. §1121(a).

Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago, Illinois 60606
312-372-4400
Fax No. 312-4160
Attorney No. 6188626

## TABLE OF CONTENTS

Page

Article 1.  Rules of Construction and Definitions............................................................. 3

Article 2.  Classification and Impairment of Claims and Interests................................. 7

Article 3.  Treatment of Administrative and Priority Claims.......................................... 8

Article 4.  Treatment of Class One: Secured Claim of Old Second National Bank ........ 8

Article 5.  Treatment of Class Two: Secured Claim of Rinella and Rinella.................... 9

Article 6.  Treatment of Class Three: Secured Claim of David Pasulka.......................... 9

Article 7.  Treatment of Class Four:  Secured Claim of Coladarci and Coladarci........... 9

Article 8.  Treatment of Class Five:  Secured Claims: Personal Injury Case................... 10

Article 9.  Treatment of Class Six:  Patel Claims............................................................. 10

Article 10. Treatment of Class Seven:  Unsecured Claims............................................... 10

Article 11. Treatment of Class Eight:.  Insider Claims..................................................... 11

Article 12. Treatment of Class Nine:  Interests of the Debtor.......................................... 11

Article 13. Executory Contracts and Unexpired Leases................................................... 12

Article 14. Implementation of the Plan............................................................................ 12

Article 15. Claims and Causes of Actions........................................................................ 13

Article 16. Modification of the Plan................................................................................ 13

Article 17. Effect of Confirmation................................................................................... 14

Article 18. Retention of Jurisdiction................................................................................ 14

Article 19. Notices and Miscellaneous Provisions.......................................................... 15

Article 20. Other Materials.............................................................................................. 17

# ARTICLE 1
# RULES OF CONSTRUCTION

For purposes of this Plan and unless otherwise indicated herein, the rules set forth below shall be applied in the event the Plan is construed by any Court, Creditor or other party in interest.

1.1 A word, phrase, or term that is used in the Plan and is not defined in this Article, but is defined in Section 101 of the Code, or used in another section of the Code, shall have the meaning or construction that applies to the word, phrase or term as defined or used in the Code.

1.2 Capitalized terms in the Plan shall at all times refer to the terms as defined in this Article.

1.3 Captions: The captions used in the Plan are for convenience only and shall not affect the construction of the Plan.

1.4 Unless otherwise indicated, the words herein, hereof and thereunder and other words of similar import refer to the Plan as a whole and not to any particular section, subsection or clause contained in the Plan.

## DEFINITIONS

For purposes of this Plan a capitalized term that is used herein shall refer to and have the meaning of the term that is set forth and is defined below:

1.5 **Administrative Claim:** Any claim for any cost or expense of administration in connection with the Chapter 11 case, in accordance with Section 503(b) of the Code, including, without limitation:

(a) The actual, necessary costs and expenses of preserving the Debtor's estate;

(b) The full amount of all claims for allowances of compensation for legal or other professional services or reimbursement of costs and expenses under Section 330 or Section 503(b) of the Code or otherwise allowed by the Bankruptcy Court;

(c) All fees and charges assessed against the Debtor's estate under Chapter 123 of Title 28, United States Code; and

(d) Expenses incurred by the Debtor in connection with this case, including the cost of appraisal fees, attorney fees and expenses incurred in obtaining a confirmed plan, in such amount as the Court shall allow, shall be deemed administrative expenses pursuant to Section 503(b) of the Code for the purposes of this Plan.

1.6. **Allowed Amount**: means the amount of an Allowed Claim.

1.7    **Allowed Claim:**  shall mean a claim against the Debtor to the extent that: (a) a proof of such claim or interest was (i) timely filed; (ii) deemed filed pursuant to Section 1111(a) of the Code; and (b)(i) which is not objected to or (ii) which is allowed (and only to the extent allowed) by a Final Order of the Court.

1.8    **Bankruptcy Code**: means the Bankruptcy Reform Act of 1978, as amended and codified in title 11 of the United States Code, 11 U.S.C. §101, et. seq.

1.9    **Bankruptcy Rules:**   means (a) the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, (b) the Federal Rules of Civil Procedure, as amended and (c) the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

1.10   **Business Day:**  Any day that is not a Saturday, Sunday or legal holiday as defined by Section 101(5) of the Code.

1.11   **Case:**  The chapter 11 case number 15-17229 filed by the Debtor on the Petition Date.

1.12   **Causes of Action**: mean any and all actions, causes of action, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, in law, equity or otherwise, including all actions under chapter 5 of the Bankruptcy Code.

1.13   **Claim:**  A claim against the Debtor as defined by Section 101(5), whether or not asserted and whether or not proof of which is filed.

1.14   **Class:**  A category of holders of Claims or Interests specified in Article 2 of the Plan.

1.15   **Confirmation Date:**  The date the Confirmation Order is entered by the Court in accordance with the provisions of the Code; provided, however, that if the Confirmation Order is stayed on a motion pending appeal, then the Confirmation Date shall be the date the Final Order vacating such stay is entered by the Court.

1.16   **Confirmation Order:**  The Order of the Court confirming the Plan pursuant to Section 1129 of the Code.

1.17   **Court:**  The United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, including the United States Bankruptcy Judge presiding in this case or any other Court that may have jurisdiction over this Chapter 11 case.

      1.18    **Creditor:**  An entity that is the holder of a Claim against the Debtor that arose on or before the Petition Date.

      1.19    **Debtor:** The individual Amy E. Sines-Patel who is the debtor who commenced the Case.

      1.20    **Disclosure Statement:**  That certain disclosure statement approved by a Final Order of the Court in this Chapter 11 case to accompany the Plan.

      1.21    **Disallowed Claim:**  Any Claim which is disallowed by a Final Order of the Court.

      1.22    **Disbursement Account**:  The account that will be established by the Debtor which will be administered by the Disbursing Agent for the purpose of the making disbursements provided by Final Order of the Court or the Plan.

      1.23    **Disbursing Agent**:  Mr. Robert Ward, the accountant employed by the Debtor.

      1.24    **Disbursement Date**: October 3, 2016, or the first Business Day that is fifteen (15) days after the Effective Date.

      1.25    **Disputed Claim**:  Any Claim (i) that the Debtor objects to pursuant to Bankruptcy Rule 3004 and (ii) the objection has not been resolved by a Final Order of the Court allowing or disallowing the Claim.

      1.26    **Divorce Case**:  The divorce proceeding between the Debtor and Sunil A. Patel pending as Case No. 08 D 10380; consolidated with Case No. 08 D 10796; Case No 11 L 9281; Case No. 11 L 9614; and Case No. 12 L 9614.

      1.27    **Divorce Decree**:  The Memorandum and Judgment for Dissolution of Marriage issued in the Divorce Case on August 9, 2011.

      1.28    **Exempt Assets:**  The property of the estate that is exempt pursuant to section 541 of the Code.

      1.29    **Effective Date:**  September 15, 2016 or the first Business Day that is fifteen (15) days after the date on which the Confirmation Order becomes a Final Order, whichever is later.

      1.30    **Final Order:** An order of judgment of the Court which (a) has not been reversed, stayed, vacated, modified or amended, and as to which the time to appeal or seek review or rehearing has expired and as to which any right to appeal, reconsider, reargue, petition for certiorari or rehearing has expired or been waived, as a result of which such order shall have become final in accordance with applicable law or (b) if an appeal, reargument, certiorari or rehearing thereof has been sought, the order of the lower court has been affirmed by the higher court to which the order was appealed or from which the reargument or rehearing was sought or certiorari has been denied and time to take further appeal or to seek certiorari or further reargument or rehearing has expired.

1.31 **Insider Unsecured Claim**: The Unsecured Claims held by James Sines who is the Debtor's father and an insider.

1.32 **Malpractice Case**: The legal malpractice case against Coladarci and Coladarci.

1.33 **Marital Assets**: The assets awarded to the Debtor by the Divorce Decree.

1.34 **Marital Home**: The real property located at 8638 Johnston Road, Burr Ridge, Illinois.

1.35 **Net Sale Proceeds:** The proceeds from the sale of the Marital Home after the amounts are deducted for the payment of mortgage claims; brokerage commissions; the usual and customary costs of sale, and any other amounts that are authorized to be paid from the sale proceeds by a Final Order of the Court.

1.36. **Patel Claims:** The claims held by Sunil A. Patel.

1.37 **Personal Injury Case**: The personal injury lawsuit resulting from the Debtor's car accident.

1.38 **Petition Date**: May 14, 2015, the date on which the Debtor filed the voluntary petition commencing the chapter 11 case.

1.39 **Plan:** The Plan of Liquidation proposed by the Debtor either in its present form or as it may be amended or modified from time to time.

1.40 **Priority Claim:** An Allowed Claim that is entitled to priority under Section 507(a) of the Code.

1.41 **Priority Tax Debt:** An Allowed Claim that is owed to a governmental unit and entitled to priority under Section 507(a)(8) of the Code.

1.42 **Pro Rata:** The proportion that the amount of a Claim in a particular Class bears to the aggregate amount of all Claims which are entitled to receive distribution under the Plan in that Class.

1.43 **Sale Date**: May 13, 2016, the date the Marital Home was sold.

1.44 **Secured Claim:** Any Claim that is an amount equal to the lesser of the Allowed Claim of that creditor or the value of the Property, as determined by the Court Pursuant to 11 U.S.C. §506, minus the amount of any Allowed Claim secured by a senior lien against the same Property, unless the holder of the claim elects pursuant to Section 1111(b) in which event the Allowed Secured Claim shall be equal to the Allowed Claim.

      1.45    **Unsecured Claim:**  Any Claim that is not an Administrative Claim, an Insider Claim; a Priority Claim, or a Secured Claim any against the Debtor.

      1.46    **Unsecured Deficiency Claim**:  That portion of a Secured Claim that is an Unsecured Claim pursuant to Section 506(a)(1) of the Code as set forth in the proof of claim filed by the Creditor or determined by the Court.

### ARTICLE 2
### CLASSIFICATION AND IMPAIRMENT OF CLAIMS AND INTERESTS

      2.1    Administrative Claims are not classified by the Plan pursuant to Section 1123(a)(1) of the Code.  The holders of Administrative Claims are not entitled to vote.

      2.2    Priority Claims are not classified by the Plan pursuant to Section 1123(a)(1) of the Code.  The holders of Priority Claims are not entitled to vote.

      2.3    All Claims are placed in one of the following Classes of Claims.

      A.    **Class One** consists of the Secured Claim held by Old Second National Bank.  Class One is unimpaired by the Plan.

      B.    **Class Two** consists of the Secured Claim held by Rinella & Rinella. Class Two is impaired by the Plan.

      C.    **Class Three** consists of the Secured Claim held by David Pasulka.  Class Three is impaired by the Plan.

      D.    **Class Four** consists of the Secured Claim held by Coladarci and Coladari. Class Four is impaired by the Plan.

      E.    **Class Five** consists of the Secured Claims held by the holders of claims against the Personal Injury Case.  Class Five is impaired by the Plan.

      F.    **Class Six** consists of the Unsecured Claims held by Sunil Patel.  Class Six is impaired by the Plan.

      G.    **Class Seven** consists of  Unsecured Claims that are not in Classes Six or Eight.  Class Seven is impaired by the Plan.

      H.    **Class Eight** consists of the Insider Unsecured Claims held by James Sines, who is the Debtor's father and an insider pursuant to section 101(31) of the Code.  Class Eight is impaired by the Plan.

      I.    **Class Nine** consists of the interests of the Debtor in property of the estate; Marital Assets and Exempt Assets.

2.4     Any claim that is a Disallowed Claim, and any Claim that becomes a Disallowed Claim after the Effective Date shall not be classified herein and the holder thereof shall receive no distribution under the Plan.

2.5     There shall be no other Classes of Claims unless the Plan is modified by the Debtor or by Final Order of the Court to provide for additional or different classes of Claims.

2.6     Any Class that does not contain any Allowed Claims or any Claims temporarily allowed for voting purposes under Bankruptcy Rule 3018, as of the date of the commencement of the Confirmation Hearing, shall be deemed to have been deleted from this Plan for purposes of (a) voting to accept or reject this Plan, and (b) determining whether it has accepted or rejected the Plan under section 1129(a)(8) of the Bankruptcy Code.

## ARTICLE 3
## TREATMENT OF ADMINISTRATIVE AND PRIORITY CLAIMS

3.1     Unless the holder of the Claim agrees otherwise, any Administrative Claim that is due and unpaid on the Effective Date, and that is allowed by the Court, including quarterly fees due to the United States Trustee will be paid in full on the Disbursement Date.

3.2     Quarterly Fees that become due to the United States Trustee will be paid as they become due until the Case is closed or dismissed.

3.3     Unless the holder of the Administrative Claim agrees otherwise, any Administrative Claim that is allowed by the Court after the Effective Date will be paid in full as provided by the Final Order of the Court authorizing the payment of such Administrative Claim.

3.4     Unless the holder of the Priority Tax Claim agrees otherwise, the Allowed Amount of any Priority Tax Clam will be paid in full, plus statutory interest and penalties on the Disbursement Date.

## ARTICLE 4
## TREATMENT OF CLASS ONE

4.1     Class One is the Secured Claim held by Old Second National Bank. It was secured by the Marital Home. It is an Allowed Secured Claim in the amount of $461,844.79.

4.2     The Class One Claim was paid in full on the Sale Date. The amount that the Debtor owes Class One is zero. Class One shall be deemed paid in full and unimpaired by the Plan. Class One is deemed to accept the Plan.

8

## ARTICLE 5
## TREATMENT OF CLASS TWO

5.1     Class Two is the Secured Claim held by Rinella and Rinella. It was secured by the Marital Home. It is an Allowed Secured Claim in the amount of $28,927.39.

5.2     Class Two will retain the liens and security interests it holds against the Net Sale Proceeds. The Allowed Amount of the Class Two Claim will be paid from the Net Sale Proceeds on the Disbursement Date.

5.3     In the event the Class Two Claim is paid in full on the date that the hearing on the confirmation of the Plan is commenced and the amount that the Debtor owes Class Two is zero; Class Two shall be deemed paid in full and unimpaired by the Plan. Class Two will be deemed to accept the Plan.

## ARTICLE 6
## TREATMENT OF CLASS THREE

6.1     Class Three is the Secured Claim held by David Pasulka. It was secured by the Marital Home. It is an Allowed Secured Claim in the amount of $20,157.50.

6.2     Class Three will retain the liens and security interests it holds against the Net Sale Proceeds. The Allowed Amount of the Class Three Claim will be paid from the Net Sale Proceeds on the Disbursement Date.

6.3     In the event the Class Three Claim is paid in full on the date that the hearing on the confirmation of the Plan is commenced and the amount that the Debtor owes Class Three is zero; Class Three shall be deemed to accept the Plan.

## ARTICLE 7
## TREATMENT OF CLASS FOUR

7.1     Class Four is the Secured Claim held by Coladarci and Coladarci. It was secured by the Marital Home. It is a Disallowed Claim. The amount of the Class Four Claim is zero.

7. 2    Class Four will have no right to vote to accept or reject the Plan. Class Four will receive no distribution under the Plan.

7.3     On the Confirmation Date, the Debtor, the Marital Residence and the Net Sale Proceeds shall be released and discharged of any and all claims or obligations to Class Four.

## ARTICLE 8
## TREATMENT OF CLASS FIVE

8.1     Class Five are the Secured Claim held by the Law Office of Neil Green; Nationwide Insurance Company; Philip J. Berenz and Blue Cross Blue Shield.  The Claims are secured by the Personal Injury Case.

8.2     Class Five will retain the liens and security interests it holds against the Personal Injury Case.  The Allowed Amount of the Class Five Claims will be paid from the proceeds of the Personal Injury Case.

8.3     In the event there are no proceeds from the Personal Injury Case; Class Five will receive no distribution under the Plan and Class Five will be eliminated from the Plan.

## ARTICLE 9
## TREATMENT OF CLASS SIX

9.1     Class Six consists of the Patel Claims.   The Claims consists of Allowed Claims in the total amount of $135,473.61 that are not disputed by the Debtor.  Patel has asserted additional claims in the approximate amount of $100,000.00 that are Disputed Claims.

9.2     Class Six will receive full payment of the Allowed Claims in the amount of $135,473.61 on the Distribution Date, unless the Court authorizes payment of the $135,473.61 from the Net Sale Proceeds before the Distribution Date.

9.3     Class Six will receive no distribution under the Plan on account of the Disputed Claims unless the Disputed Claims are Allowed in a sum certain by a Final Order of the Court.

9.4     In the event, the Court resolves the Disputed Claims; determines that there are additional amounts due to Class Six; and Allows the Disputed Claims in a sum certain; the amount allowed by the Court will be paid to Class Six from the proceeds of the Malpractice Claim.

9.5     In the event, the Court resolves the Disputed Claims and determines that there are no additional amounts due to Class Six; Class Six will be deemed paid in full.

## ARTICLE 10
## TREATMENT OF CLASS SEVEN

10.1    Class Seven consists of Unsecured Claims.  There are 28 Claims in Class Seven totaling $190,711.79.

      10.2    Class Seven will receive the following treatment under the Plan. Class Seven Creditors will receive thirty-five percent (35%) of the Allowed Amount of their Claims from the Net Sale Proceeds on the Disbursement Date. The Disbursing Agent will make the distribution to Class Seven from the Disbursement Account. Class Seven Creditors will not receive interest on their Claims.

      10.3    If any distribution to a Class Seven Creditor is returned to the Disbursing Agent as undeliverable, no further distributions to such Class Seven Creditor shall be made unless the Disbursing Agent is notified by the Creditor of such Creditor's current address. If the disbursement is not claimed by the Class Seven Creditor within thirty days of the Disbursement Date, the funds will revert to Debtor.

      10.4.    The Debtor's payment obligation to Class Seven Creditors under the Plan will be completed when the Disbursing Agent has mailed Class Seven Creditors 35% of the Allowed Amount of their Claims

## ARTICLE 11
## TREATMENT OF CLASS EIGHT

      11.1    Class Eight consists of Insider Unsecured Claims. The Class Eight Claims total $712,345.27. The Claims are Disputed Claims.

      11.2    Class Eight will receive the following treatment under the Plan. Class Eight will receive eight percent (8%) of the Allowed Amount of its Claims from the Net Sale Proceeds on the Final Disbursement Date. The Disbursing Agent will make the distribution to Class Eight from the Disbursement Account. Class Eight will not receive interest on its Claims.

      11.3    If any distribution to the Class Eight Creditor is returned to the Disbursing Agent as undeliverable, no further distributions to the Class Eight Creditor shall be made unless the Disbursing Agent is notified by the Creditor of such Creditor's current address If the disbursement is not claimed by the Class Eight Creditor within thirty days of the Disbursement Date, the funds will revert to Debtor.

      11.4.    The Debtor's payment obligation to the Class Eight Creditor under the Plan will be completed when the Disbursing Agent has mailed Class Eight Creditor eight percent 8% of the Allowed Amount of its Claims.

## ARTICLE 12
## TREATMENT OF CLASS NINE

      12.1    Class Nine consists of the interests of the Debtor in property of the estate; Marital Assets, Net Sale Proceeds and Exempt Assets.

      12.2    The Debtor will retain her interests in her vehicle, retirement accounts; the Malpractice Case and the Personal Injury Case. The Debtor will also receive a disbursement for

the personal injury funds in the amount of $15,000.00 and cash on hand in the amount of $4,000.00. The disbursement will be made on the Effective with any balance due on the Disbursement Date. The Debtor will retain her interest in any Net Sale Proceeds and Marital Assets that are not distributed to Creditors under the Plan. The Debtor will receive any balance that remains in the Disbursement Account after the payment of Administrative Claims and the Claims of Classes Seven and Eight.

  12.3 On the Effective Date, all property of the Debtor's estate under Section 541(a) of the Code, is vested in the Debtor as provided by Section 1141 of the Code free and clear of all claims, liens, encumbrances, charges or any other interests of Creditors.

## ARTICLE 13
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

  13.1 Any executory contract or unexpired lease that the Debtor entered into prior to the Petition Date (that was not assumed or rejected by Final Order of the Court on or before the Confirmation Date or rejected pursuant to Section 365(d)(3) of the Code or by Final Order of the Court prior to the Confirmation Date) shall be rejected on the Effective Date in accordance with the applicable provisions of Sections 365 and 1123 of the Code.

## ARTICLE 14
## IMPLEMENTATION OF THE PLAN

  14.1 The payments under the Plan will be funded by the Debtor's cash on hand and the Net Sale Proceeds.

  14.2 The Net Sale Proceeds in the amount of $492,780.34 were deposited with the United States Bankruptcy Court on May 16, 2016.

  14.3 Any funds on deposit with the United States Bankruptcy Court, which have not been disbursed prior to the Effective Date, will be transferred to the Disbursement Account within five (5) Business Days of the Effective Date.

  14.4 The Disbursing Agent will make the disbursements to Creditors provided by the Plan from the Disbursement Account on the Disbursement Date.

  14.5 On the Disbursement Date, the Plan will be substantially consummated when payments are made to Creditors under the Plan.

# ARTICLE 15
# CLAIMS AND CAUSES OF ACTIONS

15.1    Pursuant to Section 1123(b)(3) of the Code, the Debtor shall retain the right to, and may, enforce any and all Claims, Causes of Actions or Interests, which belong to the Debtor or to the estate, including objections to Claims and avoidance actions on behalf of the estate.

15.2    Objections to Claims.  Nothing contained herein, however, shall limit the Debtor's right to object to Claims, if any, that are filed or amended after the commencement of the Confirmation Hearing.  The failure by the Debtor to object to, or examine, any Claim for purposes of voting shall not be deemed a waiver of the Debtor's right to object to or re-examine the Claim in whole or in part for any other purpose, including, but no limited to, distributions of property under the Plan.

15.3    Disputed Claims.  Notwithstanding any other provision of this Plan, if any portion of a Claim is a Disputed Claim, the Debtor shall make no distribution or payment thereon unless and until each portion of the Disputed Claim becomes an Allowed Claim.

15.4    Transfer of Claims.  In the event that the holder of any Claim shall transfer such claim, it shall immediately notify the Debtor's counsel in writing of such transfer.  The Debtors counsel shall be entitled to assume that no transfer of any Claim has been made unless and until Debtor's counsel and the Debtor shall have received written notice to the contrary.  Each transferee of any Claim shall take such Claim subject to the provisions of the Plan and subject to any request made, waiver or consent given or other action taken hereunder.  Except as otherwise expressly provided in such notice, the Debtor shall be entitled to assume conclusively that the transferee named in such notice shall thereafter be vested with all rights and powers of the transferor under the Plan.

# ARTICLE 16
# MODIFICATION OF THE PLAN

16.1    The Plan may be amended or modified by the Debtor at any time prior to the Confirmation Date as provided by Section 1127 of the Code.

16.2    The Plan may be modified by the Debtor or the Court at any time after the Confirmation Date and before its substantial consummation, provided that such Plan, as modified, meets the requirement of Sections 1122 and 1123 of the Code, and the Court, after notice and hearing, confirms such Plan, as modified, under Section 1129 of the Code.

16.3    A holder of a Claim that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time specified by the Court, such holder changes its previous acceptance or rejection.

## ARTICLE 17
## EFFECT OF CONFIRMATION

17.1    Discharge: Except as otherwise expressly provided in the Plan, the confirmation of the Plan by Final Order of the Court shall bind all holders of Claims and Interests, whether or not they accept the Plan.  In addition, except as otherwise provided in the Plan, or by a Final Order of the Court, the Debtor will be discharged as to each holder of a Claim receiving or entitled to receive any distribution under this Plan in respect of any direct or indirect right or Claim such holder had or may have had against the Debtor as provided by section 1141(d)(5) of the Code.

17.2    Injunction: Upon the Effective Date of the Plan, there shall be a permanent injunction against any Creditor or Party in Interest commencing or continuing any action, employing any process, or taking any other action to collect, offset, recover or litigate any Claim, Interest, Cause of Action or legal or equitable right arising from or relating to a Claim against the Debtor that is discharged by the Plan or was disallowed by a Final Order of the Court.

17.3    Revesting: All property of the Debtor estate under Section 541(a) of the Code, is vested in the Debtor as provided by Section 1141 of the Code free and clear of all claims, liens, encumbrances, charges and other interests of Creditors.

## ARTICLE 18
## RETENTION OF JURISDICTION

18.1    Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction, and if closed, the Case may be reopened for the following purposes:

A.    To determine and allow Disputed Claims and Unliquidated Claims after objection to such Claims are made by the Debtor.

B.    To determine and allow Administrative Claims and requests for payments of compensation to professional persons.

C.    To implement the provisions of the Plan, to determine and resolve controversies and disputes regarding interpretation and implementation of the Plan, to enter orders in aid of the consummation of the Plan, the enforcement of Debtor's rights under the Plan or the protection of the interests of the Debtor including, without limitation, appropriate orders which may include contempt or other sanction.

D.    To enter orders concerning the sale of the Marital Home under section 363 of the Code.

E.    To modify the Plan pursuant to Section 1127 of the Bankruptcy Code.

    F. To adjudicate any and all applications, Claims, adversary proceedings, contested or litigated matters pending on the Effective Date and any or all causes of action, contested matters and adversary proceedings brought by the Debtor after the Effective Date.

    G. To determine any issue raised by any motions, pleadings or other papers filed with the Court by the Debtor or any party in interest before or after the Confirmation Date.

    H. To hear and determine any dispute or controversy with respect to any Claim of the Debtor for a tax liability or any Priority Tax Claim.

    I. To determine any and all pending applications for the rejection or disaffirmance of assumed executory contracts and unexpired leases and to hear and determine any and all claims or controversies arising thereunder.

    J. To grant the Debtor a discharge.

    K. To enter a final decree closing the Debtor's case.

  18.2 Term of Injunction or Stays.  All injunction or stays provided for in the Case pursuant to Sections 105 or 362 of the Code or otherwise and in effect on the Confirmation Date shall remain in full force and effect until the Debtor is granted a discharge.

  18.3 Failure of the Court to Exercise Jurisdiction.  If the Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of the Case or concerning the Plan including the matters set forth in this Article, this Article shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

## ARTICLE 19
## NOTICES AND MISCELLANEOUS PROVISIONS

  19.1 Notices:  Any notice hereunder to the Debtor must be in writing, and shall be sent by registered or certified mail, postage prepaid to:

Amy E. Sines-Patel
6 Tumblebrook Court
Burr Ridge, Il 60527

Karen J. Porter
Porter Law Network
230 West Monroe, Suite 240
Chicago, Illinois 60606

19.2   Notice to the Disbursing Agent: Any notice hereunder to the Disbursing Agent must be in writing, and shall be sent by registered or certified mail, postage prepaid to:

Robert Ward
Boulder Tax and Accounting
3077 West Jefferson, Suite 207
Joliet, Il 60435

With a copy to:

Amy E. Sines-Patel
6 Tumblebrook Court
Burr Ridge, Il 60527

Karen J. Porter
Porter Law Network
230 West Monroe, Suite 240
Chicago, Illinois 60606

19.3   Unmarked Ballots: Any ballot which is executed by the holder of any Allowed Claim, but which does not indicate acceptance or rejection of the Plan, shall not be counted as a vote either to accept or reject the Plan.  Any ballot not returned in accordance with the return instructions on the ballot pertaining to this Plan shall not be counted for voting purposes.

19.4   Severability: Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

19.5   Successors and Assigns:  The rights and obligations of any Creditors or entity thereunder shall be binding upon, and shall inure to the benefit of, the successors or assigns of such Creditor or entity.

# ARTICLE 20
# OTHER MATERIALS

20.1 The attention of Creditors and other parties in interest is directed to the Disclosure Statement and the exhibits thereto.

Respectfully submitted,
AMY E-SINES PATEL

By *[signature]*

By  /s/ Karen J. Porter
Karen J. Porter
One of her Attorneys


Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago, Illinois 60606
(312) 372-4400
Fax: (312) 372-4160
Attorney No 6188626

17