**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 15-17229 |
| | ) | |
| Amy E. Sines | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge Timothy A. Barnes |

## NOTICE OF MOTION

To: See attached service list

    **PLEASE TAKE NOTICE** that on **Tuesday, March 14, 2017** at the hour of **10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before Judge Barnes in Courtroom 744 of the United States Bankruptcy Court, Everett McKinley Dirksen Building, 219 S. Dearborn St., Chicago, Illinois, or any other judge sitting such judge's place and stead, and shall then and there present the attached, **MOTION FOR FINAL DECREE AND ENTRY OF DEBTOR'S DISCHARGE**, a copy of which is attached hereto and is hereby served upon you. You may appear and be heard if you choose.

                                                By: /s/Karen J. Porter
                                                Karen J. Porter (Atty No 6188626)
                                                **PORTER LAW NETWORK**
                                                230 West Monroe, Suite 240
                                                Chicago, Il 60606
                                                312-372-4400
                                                312-372-4160

## CERTIFICATE OF SERVICE

    I, Karen J. Porter, an attorney, certify that I caused a true and correct copy of this Notice and Motion to be served on the attached service list as indicated on the attached service list from my offices located at 230 West Monroe, Suite 240, Chicago, Illinois, 60606 on February 17, 2017.

                                                  /s/Karen J. Porter

**Amy Sines**
**Case No. 15-17229**
**Service List**

**Via ECM Electronic Filing**

Patrick S. Layng
Office of the United States Trustee
219 South Dearborn Street, Room 873
Chicago, IL 60604

Amir R Tahmassebi
Konicek & Dillon, P.C.
21 West State Street
Geneva, IL 30134

Scott R Clar
Crane Heyman Simon Welch & Clar
135 S Lasalle Suite 3705
Chicago, IL 60603

James E. Popjoy
Law Offices of James E. Popjoy
135 South LaSalle Street, Suite 3705
Chicago, IL 60603

Robert Lynch, III
Office of the Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601

**Via regular mail:**

Philip Berenz
Robert A. Langendorf, P.C.
134 North LaSalle Street, Suite 1515
Chicago, IL 60602

Brendan R. Appel
Law Offices of Brendan R. Appel, LLC.
191 Waukegan Road, Suite 360
Northfield, IL 60093-2744

Robert J. Ward
Boulder Tax & Accounting, LLC
3077 W. Jefferson, Suite 207
Joliet, IL 60435

David Pasulka
Pasulka & Associates, P. C.
70 W Madison St Ste 2222
Chicago, IL 60602-4383

James Sines
6 Tumblebrook Ct
Burr Ridge, IL 60527-0702

Amy E. Sines
6 Tumblebrook Court
Burr Ridge, IL 60527-0702

American Express Company
20 Vesey St
New York, NY 10007-2913

Ms. Karie Kath
Blue Cross Blue Shield
3405 Liberty Drive
Springfield, IL 62704

CACH, LLC
4340 S Monaco St Fl 2
Denver, CO 80237-3485

Capital One, N. A.
c o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Cavalry SPV I, LLC
HSBC BANK NV NA
500 Summit Lake Dr Ste 400
Valhalla, NY 10595-1340

CFS2, Inc.
2488 E 81st St Ste 500
Tulsa, OK 74137-4214

Chase Bank USA, N. A.
201 N Walnut St
Wilmington, DE  19801-2920

Comenity Bank / Sports
PO Box 182789
Columbus, OH  43218-2789

Credit One Bank, N. A.
585 Pilot Rd
Las Vegas, NV  89119-3619

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD  57104-4824

George Vlahos
28 W Harding Rd
Lombard, IL  60148-3303

HSBC Bank USA, N. A.
1800 Tysons Blvd
McLean, VA  22102-4257

Internal Revenue Service
Centralized Bankruptcy Operations
PO Box 7346
Philadelphia, PA  19101-7346

R. Vega
Internal Revenue Service
Bankruptcy Specialist
230 South Dearborn
Room 2600 M/S5014CHI
Chicago, Il 60604

Midland Funding, LLC.
8875 Aero Dr Ste 200
San Diego, CA  92123-2255

Nationwide Mutual Insurance Company
1 Nationwide Plz
Columbus, OH  43215-2226

Old Second National Bank
37 S River St # 39
Aurora, IL  60506-4173

Porania LLC
PO Box 11405
Memphis, TN  38111-0405

Portfolio Recovery Associates
120 Corporate Blvd Ste 100
Norfolk, VA  23502-4962

Synchrony Bank
170 W Election Rd Ste 125
Draper, UT  84020-6425

TD Bank USA, N. A.
1 Portland Sq
Portland, ME  04101-4057

US Bank, N. A.
Bankruptcy Department
PO Box 5229
Cincinnati, OH  45201-5229

US Bank, N. A.
101 5th St E Ste A
Saint Paul, MN  55101-1808

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 15-17229 |
| | ) | |
| Amy E. Sines | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge Timothy A. Barnes |

## MOTION FOR FINAL DECREE AND ENTRY OF DEBTOR'S DISCHARGE

Amy E. Sines (the "Debtor") debtor and debtor in possession herein, by and through their undersigned attorney, moves this honorable court pursuant to 11 U.S.C. §§ 350(a); 1141(d)(4) to enter a final decree; grant the Debtor a discharge and close the chapter 11 case. In support thereof, Debtor respectfully states as follows:

1. Debtor commenced a voluntary chapter 11 bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code") on May 14, 2015 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

2. This court has subject matter jurisdiction to grant the relief requested in this Motion and to enter a final order granting that relief as a core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3. On September 13, 2016, the Court entered an Order Confirming the Modified Plan of Liquidation dated August 19, 2016. On September 27, 2016, the Confirmation Order became final.

4. The Disbursing Agent made the following payments to Creditors as provided by the Plan.

    A. The Internal Revenue Service received $29,298.38 to satisfy its Priority Tax Claim

    B. The Illinois Department of Revenue received $9424.26 to satisfy its Priority Tax Claim.

    C. The Internal Revenue Service received $305.68 to satisfy its Administrative Claim

    D. The United States Trustee received $650.28 to satisfy its Administrative Claim

    E. The Porter Law Network received $15,919.00 to satisfy its Administrative Claim

    F. Robert Ward received $1250.00 to satisfy his Administrative Claim

    G. Class Seven Unsecured Creditors received $48,981.02

    H. The Class Eight Creditor received $56,987.62.

    I. The Debtor received $19,000.00 which is the amount of her exemptions.

    J. First Premier Bank received $291.90 on or about February 15, 2017.

5. The Class Six Creditor will receive any disbursement from the Malpractice case directly from the attorney representing the Debtor and not from the Disbursing Agent.

6. All fees due to the United States Trustee have been, or will be, paid.

7. All property proposed by the Plan to be transferred has been transferred.

8. There are no objections to claims pending. There are no open adversary proceedings or other contested matters.

9. This chapter 11 estate has been fully administered.

10. Bankruptcy Rule 3022 provides that: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest,

shall enter a final decree closing the case. Section 350(a) of the Code provides that: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

11. Debtor request that the court enter a final decree.

12. Section 1141(d)(5)(A) of the Code provides for an individual debtor that the court may grant the Debtor a discharge after the completion of the plan payments and provided the court finds that Section 1141(d)(C)(i),(ii) do not apply.

13. Section 1141(d)(5)(B) provides that the court may grant a discharge after confirmation of the plan to a Debtor that has not completed payments under the plan provided the requirements of section 1141(d)(5)(B) and (C) are met.

14. Debtor has satisfied the procedural requirements for a discharge after the confirmation of the plan. Notice of the hearing on the Debtor's motion for entry of final decree and for the entry of a discharge has been sent to all of the Debtor's creditors. See, *In re Draiman*, 450 B.R. 777, 823 (Bankr. N.D. Ill 2011).

15. Cause exists for the court to grant the Debtor a discharge. The Plan has been confirmed. The order confirming the Plan is final. The Plan has been substantially consummated. The Unsecured Creditors have received a one-time distribution of thirty-five percent which is significantly more than the Unsecured Creditors would have received in a chapter 7 case. There are no additional payments to be made to Unsecured Creditors.

16. The court in *In re Sheridan*, 391 B.R. 287 (Bankr. E.D.N.C. 2008) granted an individual debtor a discharge after finding the debtor satisfied the procedural requirements. The court noted that section 1141(d)(5) did not provide specific examples of what constitutes cause to grant an individual an early discharge. The court found it persuasive that there was a likelihood

the debtor would make all of the plan payments and the creditors received assurance in the form of collateral that they would receive what the plan promised. On the other hand, the court would not grant the individual a discharge in *In re Beyer*, 433 B.R. 884 (Bankr. M.D. Fla 2009). The debtor had not made a single payment to unsecured creditors, the plan was not substantially consummated and the debtor had not indicated what properties he intended to keep or surrender.

17.    There are no further payments to be made to Unsecured Creditors. There is no need for the Debtor to modify her Plan. Cause exists for the court to grant the Debtor's request for a discharge.

18.    Debtor requests that the clerk's office be directed to issue the Debtor a discharge.

19.    Debtor requests that this case be closed after the Debtor receives her discharge.

WHEREFORE, Amy E. Sines, debtor and debtor in possession herein, prays for an entry of an order entering a final decree, granting the Debtor a discharge and closing this chapter 11 case and for such other and different relief as this Court deems proper and just.

> Respectfully submitted,
> AMY E. SINES
> By: /s/ Karen J. Porter
> One of her attorneys

Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago, IL 60606
Phone: (312) 372-4400
Fax: (312) 372-4160
Atty No.: 6188626